# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CASSIDY PRICE, et al., ) | |
| ) | |
| Plaintiffs/Counterclaim ) | |
| Defendants, ) | Civil Action No. 7:18cv275 |
| ) | |
| v. ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| H. Ronald Shelton, et al., ) | |
| ) | |
| Defendants/Counterclaim ) | |
| Plaintiffs. ) | |

## ORDER

Before the court are defendants/counterclaim plaintiffs H. Ronald Shelton and Ronald Edward Shelton's (the "Sheltons") motion to dismiss pursuant to Rule 12(b)(1), (6), and (7) (ECF No. 6), plaintiffs/counterclaim defendants Cassidy Price and Christian Price's (the "Prices") motion to dismiss count 2 of the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 19), and third-party defendant Matthew McCraw's[1] motion to strike or dismiss the third-party complaint. ECF No. 30. The parties fully briefed the motions and the court held a hearing on the motions on October 15, 2018. ECF No. 36.

The Sheltons seek to dismiss plaintiff Price Brothers Jerseys, LLC f/k/a M&P Dairy, LLC's (the "LLC") breach of contract claim under count 1, count 2's claim for violation of Virginia Code § 55-225.19, and count 3's claims for negligence/gross negligence. At this early stage of the litigation, more factual development is needed to assess whether the LLC is a third-party beneficiary of the lease agreement at issue. The parties need to engage in

---

[1] Mr. McCraw is sometimes referred to as Mr. "McGraw" in the briefing supporting the motions.

discovery to determine the merits of Count 1. Count 2 also should advance past the motion to dismiss stage because although Virginia Code § 55-225.19 addresses residential leases, and the lease agreement primarily is commercial in nature, the Prices allege that the lease was in part residential and thus the claim cannot be dismissed as a matter of law at this time. Count 3's claims for negligence/gross negligence must be dismissed because this action is based in contract. All of the Sheltons' rights and obligations arise out of the parties' contractual relationship and there is no basis for a separate tort claim under the economic loss rule. The court will entertain any future motions to amend filed by the Prices and/or the LLC if discovery reveals facts in support of a negligence claim.

In regards to the third-party complaint, counsel for the Sheltons acknowledged at the hearing that the complaint filed against McCraw did not squarely fit within Federal Rule of Civil Procedure 14. Counsel for the Sheltons orally moved for McCraw to be added as a necessary party under Federal Rule of Civil Procedure 19. The court agrees that Rule 14 does not support the filing of this third-party complaint. The court further finds that McCraw is a necessary party under Rule 19(a)(1)(B)(ii) because his absence from this action may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [McCraw's] interest" in the lease agreement. Based on the allegations in the complaint and counterclaim, the Sheltons appear to allege that McCraw remains obligated to pay rent and may allege that McCraw caused some of the damages at issue in this action. These allegations create a substantial risk of inconsistent obligations.

The Prices' motion to dismiss count 2 of the counterclaim also is well-taken as the count currently does not state a claim for relief. The court is skeptical of the Sheltons'

interpretation of the lease agreement's indemnification provision and its application to the Prices' claims. However, paragraph 36 of the currently filed counterclaim is incomplete. The court will provide the Sheltons with fourteen days to file an amended counterclaim that clarifies paragraph 36, plead any additional facts in support of their indemnification claim, and name McCraw as a counterclaim defendant.

Accordingly, and for the reasons stated on the record, the court hereby **GRANTS in part** the Sheltons' motion to dismiss (ECF No. 6), **GRANTS** the Prices' motion to dismiss (ECF No. 19), provides the Sheltons **LEAVE TO AMEND** their counterclaim within **fourteen (14) days** of the date of this order, **GRANTS** McCraw's motion to strike or dismiss the third-party complaint (ECF No. 30), and **GRANTS** the Sheltons' oral motion to join McCraw as a necessary party plaintiff to this action.

It is **SO ORDERED**.

Entered: 10/15/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge